TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
ANGELA C. MAKABALI (Cal. Bar No. 296824)
Special Assistant United States Attorney
General Crimes Section
    1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2331
    Facsimile: (213) 894-0141
    E-mail:　angela.makabali@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 2:21-00080-PA |
|---|---|
| Plaintiff, | GOVERNMENT'S SENTENCING POSITION REGARDING DEFENDANT SHAWN STEWART |
| v. | Hearing Date: January 31, 2022 |
| SHAWN STEWART, | Hearing Time: 12:00 p.m. |
| Defendant. | Location: Courtroom of the Hon. Percy Anderson |

    Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Special Assistant United States Attorney Angela C. Makabali, hereby files its Sentencing Position Regarding Defendant Shawn Stewart.

    This Position is based upon the attached Memorandum of Points and Authorities, the files and records in this case, the Presentence Investigation Report (Dkt. No. 77) prepared by the United States

//

//

Probation & Pretrial Services Office, and such further evidence and argument as the Court may permit.

Dated: January 10, 2022                    Respectfully submitted,

                                                   TRACY L. WILKISON
                                                 United States Attorney

                                                 SCOTT M. GARRINGER
                                                 Assistant United States Attorney
                                                 Chief, Criminal Division

                                                           /s/
                                                 ANGELA C. MAKABALI
                                                 Special Assistant United States Attorney

                                                 Attorneys for Plaintiff
                                                 UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Defendant SHAWN STEWART transported almost two kilograms of fentanyl powder on a flight from Los Angeles to Memphis, hiding the fentanyl in bags inside playdough containers and clothing in his luggage.  Defendant pleaded guilty to possession with intent to distribute a mixture and substance containing a detectable amount of fentanyl, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A).

The government agrees with the United States Probation and Pretrial Services Office (the "USPPSO") that defendant satisfied the first four criteria of the safety valve provision at U.S.S.G. § 5C1.2 notwithstanding his criminal history.  The government objects to the USPPSO's calculation of the total offense level as 29, which was calculated prior to defendant's safety valve proffer.  Because defendant has now completed a safety valve proffer, he has satisfied the fifth criterion of the safety valve provision, and the Court should apply a two-level reduction.  Furthermore, the 10-year mandatory minimum sentence does not apply.  Accordingly, the total offense level is 27, the criminal history category is I, and the resulting Guidelines range is 70 to 87 months.  The government recommends that the Court impose a sentence at the low end of that range, namely, 70 months, to be followed by three years' supervised release, and a special assessment of $100.

**II.   STATEMENT OF FACTS**

On February 11, 2021, defendant traveled on a flight from Los Angeles International Airport ("LAX") to Memphis International Airport.  (Dkt. No. 70 ("Plea Agr.") ¶ 12.)  At LAX, defendant checked at the check-in counter a black roller suitcase containing:

(1) a playdough box containing a vacuum-sealed bag filled with fentanyl wrapped inside playdough; (2) three vacuum-sealed bags containing fentanyl concealed within men's clothing; (3) a playdough box that had been opened and resealed containing 16 individual playdough packages, nine of which had been filled with vacuum-sealed bags containing fentanyl; and (4) a playdough box containing three individual playdough packages filled with fentanyl. (Id.) In total, inside defendant's suitcase, he possessed approximately 1.97 kilograms of a mixture and substance containing a detectable amount fentanyl. (Id.)

**III. USPPSO CALCULATIONS AND SENTENCING RECOMMENDATION**

The USPPSO determined that defendant's base offense level is 32, pursuant to U.S.S.G. § 2D1.1(a)(5), (c)(4). (PSR ¶ 18.) After applying a three-point reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a), the USPPSO calculated a total offense level of 29. (Id. ¶¶ 27-28.) The USPPSO did not yet apply a two-level decrease pursuant to U.S.S.G. § 5C1.2 because, while defendant meets the criteria in 18 U.S.C. § 3553(f)(1)-(4), defendant had not completed the proffer required by 18 U.S.C. § 3553(f)(5) at the time the USPPSO issued the PSR. (Id. ¶¶ 19-21.)

The USPPSO found that defendant has one criminal history point and is in Criminal History Category I, which would normally yield a Guidelines imprisonment range of 87-108 months. (Id. ¶¶ 88-89.) Due to the 10-year mandatory minimum, however, the USPPSO found defendant's Guidelines range to be 120 months' imprisonment and five years' supervised release. (Id. ¶¶ 89, 91.) The USPPSO also found that although defendant satisfies the criteria set forth in 18 U.S.C. §§ 3553(f)(1)-(4), because defendant had not yet proffered as of the

PSR's writing, defendant had not yet met the fifth criterion. (Id. ¶¶ 19-21.) Accordingly, the USPPSO found that defendant was not yet safety valve eligible, and did not yet apply the two-level reduction or account for the elimination of the mandatory minimum sentence. (Id. ¶ 21.)

The government agrees with the USPPSO that defendant satisfies the criteria set forth in 18 U.S.C. §§ 3553(f)(1)-(4). The government further confirms that defendant has completed a safety valve proffer.[1] Because the proffer occurred on January 4, 2022 and was sufficient to meet the fifth criterion of the safety valve provisions, the 10-year mandatory minimum sentence is not applicable, and a two-level deduction is warranted. Accordingly, with a base offense level of 32, after applying the reductions set forth above, the total offense level would be 27, yielding a sentencing range of 70 to 87 months' imprisonment.

**IV. THE GOVERNMENT'S SENTENCING RECOMMENDATION**

The government recommends that the Court impose a sentence of 70 months' imprisonment, followed by a three-year term of supervised release, and a $100 special assessment. This sentence is "sufficient, but not greater than necessary," to account for the factors the Court must consider under 18 U.S.C. § 3553(a),

---

[1] The fifth criteria for safety-valve eligibility, under U.S.S.G. § 5C1.2(a)(5) and 18 U.S.C. § 3553(f)(5), requires that the defendant, no later than the time of the sentencing hearing, truthfully provide to the government all information and evidence that defendant has concerning his offense. The Ninth Circuit has interpreted this to mean that defendant must provide "truthful" and "complete" information, but the information provided need not assist in other investigations or prosecutions. United States v. Mejia-Pimental, 477 F.3d 1100, 1105 (9th Cir. 2007). Defendant has satisfied this requirement and thus the government believes he has met the fifth and final criteria for safety-valve eligibility under U.S.S.G. § 5C1.2 and 18 U.S.C. §§ 3553(f)(1)-(5).

particularly given the nature and circumstances of the offense and the history and characteristics of defendant.

Defendant transported on an airplane nearly two kilograms of a mixture and substance of fentanyl powder wrapped in playdough containers and clothing in his checked luggage. Fentanyl is an extremely dangerous drug. It is 80-100 times stronger than morphine and 50 times more potent than heroin. Fentanyl has been responsible for an increasing number of fatal overdoses over the last decade. See Department of Justice and Drug Enforcement Administration, "Drug Fact Sheet: Fentanyl," https://www.dea.gov/sites/default/files/2020-06/Fentanyl-2020_0.pdf (last accessed June 21, 2021). Defendant's transportation of a significant quantity of this deadly substance, on an airplane, wrapped in children's toy containers, posed a substantial danger to the community, and warrants a significant custodial sentence. Here, the Guidelines account for defendant's transportation of a substantial quantity of fentanyl. Accordingly, a sentence within the Guidelines range is necessary to account for the nature and circumstances and seriousness of the offense, to provide just punishment, and to deter future similar crimes.

Defendant's history and characteristics present both mitigating and aggravating factors which, on balance, weigh in favor of a low-end Guidelines sentence of 70 months. First, in mitigation, defendant accepted responsibility and pleaded guilty, which allowed the case to be resolved efficiently and saved the government and the Court valuable resources during a pandemic. Second, defendant's criminal history consists of older misdemeanor convictions, some of which appear to arise out of his substance abuse problems. (PSR ¶¶ 35-40.) Third, defendant currently enjoys a strong relationship with

and is a source of support, as well as the sole provider, for his family. (See id. ¶¶ 58-60.)

In aggravation, defendant's substance abuse has led to at least four drug-related law enforcement encounters stretching back to the 1990s, including a conviction for driving under the influence of drugs, which he failed to disclose to the USPPSO. (Id. ¶¶ 34-41, 46-41, 68.) On balance, this factor counsels in favor of a sentence at the low end of the Guidelines range, namely, 70 months' imprisonment. This factor also strongly counsels in favor of a three-year term of supervised release to provide adequate deterrence and a framework for defendant to continue to address his past substance abuse issues following his participation in the Bureau of Prison's RDAP Program. (See id. ¶ 69.)

**V. CONCLUSION**

For the foregoing reasons, the government respectfully requests that this Court sentence defendant to a 70-month term of imprisonment followed by three years' supervised release, and a special assessment of $100.